In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00352-CR**
_____

**JAMES RAY DEMPS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 21-10-13928-CR**

**MEMORANDUM OPINION**

A jury found James Ray Demps ("Appellant" or "Demps") guilty of aggravated sexual assault of a child younger than six years of age and assessed punishment of forty-five years of confinement. In three appellate issues, Demps argues the trial court erred in (1) allowing a support person to accompany the child witness during her testimony in front of the jury; (2) failing to instruct the jury that Demps was not eligible for parole and to not consider the application of parole to him; and (3) failing to give a curative instruction to the jury when the trial court

1

received a jury note during deliberations about parole. We affirm the trial court's judgment.

Background

Because Demps does not challenge the sufficiency of the evidence to support this conviction, only a brief recitation of the facts is necessary. *See King v. State*, 953 S.W.2d 266, 267 (Tex. Crim. App. 1997); *see also* Tex. R. App. P. 47.1. A grand jury indicted Demps for aggravated sexual assault of L.S.[1] ("Linda"), a child under six years of age, and the indictment included an enhancement allegation for a prior felony conviction. *See* Tex. Penal Code Ann. § 22.021(a)(2)(B), (f)(1). According to the indictment, on or about November 23, 2020, Demps "intentionally or knowingly cause[d] [his] sexual organ to contact or penetrate the mouth of [Linda], a child who was then and there younger than 6 years of age[.]" Demps pleaded "not guilty." During the guilt-innocence phase of the trial, the jury heard Linda's Mother testify that, while Demps was living with them when Linda was five years old, Linda reported to her, after Linda had been out of school and on Thanksgiving break in 2020, that Demps made her touch his "private part" and put his "private part" in Linda's mouth. The jury also heard Linda, who was seven years old at the time of

---

[1] We use pseudonyms to refer to the alleged victim and family members. *See* Tex. Const. art. I, § 30(a)(1) (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process[.]").

2

trial, testify about the alleged assaults, and the jury heard from other trial witnesses including law enforcement and a nurse. The jury found Demps guilty of the offense. Appellant pleaded "not true" to the enhancement allegation. During the punishment phase of the trial, the jury heard evidence that Demps had two misdemeanor convictions in 2011 for criminal mischief and theft and a 2018 felony conviction of engaging in organized criminal activity. The jury heard testimony that while Demps was on parole for the 2018 conviction, he moved in with Linda's mother. The jury also heard evidence that after he was picked up on a warrant for this case, he exposed his penis to a jail nurse bringing him medication and masturbated in front of a female inmate that was returning from court. After hearing punishment evidence, the jury assessed Demps's punishment at forty-five years of incarceration.[2] The trial court sentenced Demps in accordance with the jury's verdict. Demps timely appealed.

---

[2] Aggravated sexual assault of a child, a first-degree felony, carries an applicable punishment range of five to ninety-nine years or life in prison. Tex. Penal Code Ann. §§ 12.32(a), 22.021(a)(1)(B), (a)(2)(B), (e). Because Linda was under the age of six at the time of the commission of the offense, Demps's punishment was enhanced by statute to a minimum of twenty-five years of confinement. *See* Tex. Penal Code Ann. § 22.021(f)(1). A finding of true to the enhancement allegation would have raised Demps's minimum sentence from five years to fifteen years. *See* Tex. Penal Code Ann. §§ 12.42(c)(1), 71.02(a)(1). Because the enhancement under section 22.021(f)(1) resulted in a minimum sentence greater than the minimum sentence for the enhancement paragraph alleged in the indictment, the trial court announced that "we received no finding" on the enhancement paragraph of the indictment "because it had no effect."

Support Person Under Article 38.074

In his first issue, Demps argues the trial court erred in allowing a support person to accompany Linda during her testimony in front of the jury. Section 3 of Article 38.074 of the Texas Code of Criminal Procedure provides, in relevant part:

> (b) On the motion of any party, . . . the court shall allow the child to have a toy, blanket, or similar comforting item in the child's possession while testifying or allow a support person to be present in close proximity to the child during the child's testimony if the court finds by a preponderance of the evidence that:
>    (1) the child cannot reliably testify without the possession of the item or presence of the support person, as applicable; and
>    (2) granting the motion is not likely to prejudice the trier of fact in evaluating the child's testimony.
> (c) A support person who is present during a child's testimony may not:
>    (1) obscure the child from the view of the defendant or the trier of fact;
>    (2) provide the child with an answer to any question asked of the child; or
>    (3) assist or influence the testimony of the child.
> (d) The court may set any other conditions and limitations on the taking of the testimony of a child that it finds just and appropriate, considering the interests of the child, the rights of the defendant, and any other relevant factors.

Tex. Code Crim. Proc. Ann. art. 38.074, § 3(b), (c), (d). In Article 38.074, "'[s]upport person' means any person whose presence would contribute to the welfare and well-being of a child." *Id.* art. 38.074, § 1(2).

When the State called Linda to testify, the defense objected under Texas Rule of Evidence 601, challenging Linda's competency to testify. Outside of the jury's

4

presence and prior to the trial court's hearing to determine Linda's competency to

testify, the following exchange occurred:

[Defense counsel]: I don't have an objection to [the victim assistance person] sitting here for this hearing. It's when the jury comes back in, Your Honor.

THE COURT: Go ahead and make your objection, please.

[Defense counsel]: Yes, Your Honor. The State has requested that one of their investigators who's a law enforcement officer sit next to [Linda] during her testimony in front of the jury. That investigator is dressed in a DA investigator coat that has a shield, has a badge hanging from his neck. He also has a gun on his hip. He is sitting in very good view of the jury. And I will be supplementing the record with photographs for the record. We strongly object to this. Number one, I don't think there's been any showing that her testimony will be unreliable without him there. Number two, I was, you know, given no notice of intent that they were going to have somebody standing there with the person. Number three, it makes it look like there is a situation that would require the need of an armed police officer in the courtroom, makes my client look dangerous. The State's position is that in this court the witness stand is next to the defendant. I point out that the State routinely gets here early to make sure that they get the table next to the jury in this courtroom which makes the defendant have to take the table that is next to the witness stand. So this was not a choice of our client to sit where he is. And even then we would still object to it.

THE COURT: I will note for the record that you objected to the presence of the victim assistance person that was assigned to this case being excused from the rule earlier.

[Defense counsel]: I did, Your Honor, because I received notice under [*Brady*] that this complainant made an exculpatory statement to that witness. I don't think the remedy for that is to set an armed police guard next to her in between her on the stand in view of the defendant.

THE COURT: Okay. I don't believe that his presence there prejudices the trier of fact in evaluating the child's testimony, nor do I

believe -- and I do believe that the presence of a support person given the [] proximity to the defendant in the courtroom, whichever table he was sitting at, would help the child to reliably testify.

Anything else?

[Prosecutor]: Not from the State, Judge.

THE COURT: All right. Let's go ahead and proceed then.

[Defense counsel]: May I take one more picture of the courtroom, Your Honor, to show the -- from the jury box to supplement the record?

THE COURT: Sure.

[Defense counsel]: Thank you.

[Prosecutor]: On previous occasions we've had child victims testify in this court, and the State has asked the Court to allow the State to sit at a different table as it relates to the proximity of the complainant and the defendant. I believe the Court conferred with bailiffs in the courtroom to talk about safety as it relates to the jury and the civilian. It was determined at that time that the Defense would remain at that table. The State's intent is not to prejudice the jury but just to have a support staff here for our complainant as she testifies 3 feet away from our alleged perpetrator.

THE COURT: I'm happy to move people around, I mean, if that makes everybody feel better. We've got time.

[Defense counsel]: My objection is to an armed police officer sitting next to her.

[Prosecutor]: Judge, we can switch counsel tables if Defense would like.

THE COURT: Anybody else that can switch next to her if we switch counsel table?

6

[Prosecutor]: Let me see if they are available, Judge. Judge, if the Defense would feel better, [the victim assistance person] is willing to sit without his duty weapon on his waist if that would help Defense's objection.

[Defense counsel]: Still the same objection, Your Honor.

THE COURT: Okay. Why don't you go ahead and give your boss your equipment. He's going to remove the duty belt and his weapon -- or just his weapon. And just in abundance of caution, why don't you go ahead and tuck your badge in underneath your shirt for us.

[Defense counsel]: Now I need to make a new objection, Your Honor. So he's still sitting here in the district attorney shirt. I appreciate that the badge and the gun are gone. But if I could have permission to retake the photo?

THE COURT: Take all the pictures you want to.

Two photographs of the support person in the courtroom taken by the defense are included in the appellate record.

Demps contends that the State's evidence was insufficient evidence to comply with the requirements of Article 38.074. According to Demps, the record does not support the statute's required findings by a preponderance of the evidence because the State did not present any evidence that Linda could not reliably testify without the support person; the State did not prove that the investigator that served as Linda's support person qualified as a "support person" or establish the connection between the investigator and Linda; and that the trial court found that the presence of the support person would help Linda reliably testify but did not find by a preponderance of the evidence that Linda could not reliably testify without the support person.

7

Demps asserts that harm must be presumed because the support person's clothing bearing district attorney's office name bolstered Laura's credibility and that the State's intent to use a support person was a surprise that denied Demps of his right to a fair trial and violated his fundamental rights of due process and due course of law under the United States and Texas Constitutions.

First, regarding Appellant's constitutional complaint on appeal, Article 38.074 does not require notice of intent to use a support person. *See* Tex. Code Crim. Proc. Ann. art. 38.074. Also, although Appellant objected to a lack of notice, he did not make a complaint on constitutional grounds. Even if he had, Appellant failed to demonstrate at trial, nor has he demonstrated on appeal how his defense strategy or jury selection might have been different had the State notified him that it intended to use a support person. Also, Appellant failed to seek a continuance. *See Lindley v. State*, 635 S.W.2d 541, 544 (Tex. Crim. App. 1982) ("The failure to request a postponement or seek a continuance waives any error urged in an appeal on the basis of surprise.").

As for Appellant's argument that the trial court failed to make the requisite finding by a preponderance of the evidence that Linda could not reliably testify without the support person, Appellant failed to preserve error because he never asked the trial court for more specific findings under Article 38.074. *See Lambeth v. State*, 523 S.W.3d 244, 247 (Tex. App.—Beaumont 2017, no pet.) (defendant never asked

8

the trial court to provide more specific findings under Article 38.074, therefore the complaint was not preserved for review); *see also Sustaita v. State*, No. 14-18-00811-CR, 2020 Tex. App. LEXIS 4250, at **10-12 (Tex. App.—Houston [14th Dist.] June 4, 2020, no pet.) (mem. op., not designated for publication) (defendant never asked the trial court to provide more specific findings during the hearing concerning the complainant's need for a support person and, therefore, the defendant failed to preserve error regarding the trial court's alleged failure to adhere to the procedures of Article 38.074). To the extent that Appellant argues that the trial court's findings failed to track the language of Article 38.074, section 3(b), he did not make that argument in the trial court. To preserve error for appellate review, the point of error on appeal must comport with the objection made at trial. *Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014); *see also* Tex. R. App. P. 33.1(a) (preserving error for appellate review requires the complaining party to show that he presented his complaint to the trial court in a timely request, objection, or motion and that the trial court ruled on the request); *Lambeth*, 523 S.W.3d at 247 (argument that the trial court's findings failed to track the language of section 3(b) of Article 38.074 was not preserved because the defendant never asked that trial court to make more specific findings than the trial court made during the hearing).

The objections the defendant made at trial were that: 1) there's been no showing that the child's testimony will be unreliable without the assistance; 2)

9

defendant received no notice that the assistance would be provided; and 3) the presence of the assistance would make the defendant look dangerous. The trial judge stated on the record his findings that he did not believe the presence of the victim assistance person prejudiced the jury in evaluating Linda's testimony and the trial judge believed that the victim assistance person's presence, regardless of which table Demps was sitting at in the courtroom, would help Linda reliably testify. Based on the trial court's oral findings on the record, we may infer that the trial court made any other required findings to support its ruling under section 3(b) of Article 38.074. *See Lambeth*, 523 S.W.3d at 247 ("Based on the trial court's oral findings in the hearing and its ruling, we imply the trial court made the findings required to support its ruling" under Article 38.074). At the time the trial court made its ruling, the trial court had already heard evidence that Linda was seven years old at the time of trial; Linda was a "kind of shy[]" child; and that when Linda was asked to talk about Demps's alleged sexual assault against her when she was five years old, she became silent and embarrassed, cried, and "pretty much shuts down." Upon review of the photographs of the courtroom and the positioning of the victim assistance person for Linda's testimony, the official logo on the victim assistance person's shirt is relatively small and the words on the logo are difficult to discern. The victim assistance person was wearing khaki pants and a polo shirt and was seated behind Linda and off to the side towards the defendant. Since the victim was a child witness

10

brought to court by the state, we conclude there was no significantly harmful inference that the jury would draw just because the witness was accompanied by a person from the District Attorney's Office. There was a uniformed court officer portrayed in one of the photographs as well. Regardless of what table Demps would have been sitting at, the record shows he would have been in very close proximity to Linda during her testimony.[3] Prior to the jury entering the courtroom, before Linda's testimony, the trial court required the victim assistance person to remove his firearm and conceal his badge. Considering the record, we cannot say the trial court erred in overruling the objections. The requirements of Article 38.074 section 3(b) were met by a preponderance of the evidence. *See Sustaita*, 2020 Tex. App. LEXIS 4250, at *13 (even if defendant had preserved error, the record supported the trial court's conclusion that the requirements of Article 38.074 were met by a preponderance of the evidence because at the time of trial the trial court questioned the eight-year-old [victim in that case] outside the presence of the jury and observed her demeanor, and the trial court had already heard testimony by the forensic interviewer that the child was "scared" and "timid" at initial interviews and discussions about the abuse). We conclude the trial court did not abuse its discretion by allowing the support person's presence during Linda's testimony. *See Lambeth*,

---

[3] We also note that the defense did not accept the State's offer to switch tables.

11

523 S.W.3d at 248 (applying abuse-of-discretion standard for review of trial court's ruling under section 3(b) of Article 38.074).

That said, even if there had been error in allowing the support person to accompany the child witness, we are not persuaded that the error, if any, affected the defendant's substantial rights. *See* Tex. R. App. P. 44.2(b) (any nonconstitutional error that does not affect a defendant's substantial rights must be disregarded). Nothing in the record supports Appellant's argument that the support person's presence gave the jury the impression that Linda had received preferential treatment or that the support person's shirt created harm by bolstering Linda's credibility or affecting the trial. Also, we note that the punishment range for aggravated sexual assault of a child under six years of age is twenty-five years to ninety-nine years or life. *See* Tex. Penal Code Ann. §§ 12.32(a), 22.021(e), (f). The forty-five-year sentence assessed by the jury was at the lower middle end of the punishment range. Having reviewed the record, we conclude Appellant was not harmed, even if there was error, in allowing the support person's presence during Linda's testimony.

For the reasons outlined above, we overrule issue one.

Jury Instruction on Parole Eligibility

In his second issue, Demps argues the trial court erred in failing to instruct the jury that Demps was not eligible for parole and failing to tell the jury it should not consider the application of parole to him. In his third issue, Demps contends the trial

12

court erred in failing to give a curative instruction to the jury when it sent a note during punishment deliberations that Demps argues indicated that the jury was considering parole. We address issues two and three together.

During the charge conference on punishment, defense counsel requested the following instruction to be included in the jury charge:

> [A] defendant found guilty of aggravated sexual assault of a child where the age of the child is less than six years old is not eligible for parole. You may consider the existence of the parole law, however you are not to consider the manner in which the parole law may be applied to this particular defendant.

The defense argued that under the due process clause of both the state and federal Constitutions a defendant who is not eligible for parole should be entitled to an instruction just as a defendant who is eligible for parole is entitled to an instruction. Defense counsel asserted that the jury needed to know that there is no parole in this case and that "the fear of the Defense is that the jury's going to get back there and based on what they hear in the media or what they hear from people, they are going to assume that there's parole [which is] simply not the law in this case." Relying on this Court's opinion in *Cross v. State*, No. 09-11-00406-CR, 2012 Tex. App. LEXIS 10487, at *13 (Tex. App.—Beaumont Dec. 19, 2012, pet. ref'd) (mem. op., not designated for publication), the State argued that the requested instruction was improper because Article 37.07 of the Texas Code of Criminal Procedure does not

apply here because Demps is not eligible for parole. The trial court denied the defense's requested instruction.

After the jury was excused to deliberate on punishment, the following exchange occurred outside the presence of the jury:

> THE COURT: . . . . We've received a question from the jury regarding -- "can we understand [if] parole is an option? In other words, if assign[] X number of years as the punishment[] will the defendant serve those or opportunity to be released out or released at a shorter time?"
> [Defense counsel]?
>
> [Defense counsel]: Yes, Your Honor. For the record, this is why I requested the instruction earlier. I'm requesting that same instruction that I read into the record as a response to this note. And my argument is that the due process of law under the State and Federal Constitution, Mr. Demps is entitled for this jury to know how the law applies in this case. There's no parole calculations, parole eligibility, all the things that these other cases talk about in his case. So I'm not asking for the Court to explain to the jury how the parole law would work in his case. I'm simply asking for the Court to let them know that there is no parole and that they shouldn't consider that in their deliberations which is what I asked for earlier. I believe that that is the only way that Mr. Demps is going to have a fair punishment hearing given the fact that the jury's obviously indicating that their concern is he's going to be released onto parole. So I think that the potential here is that they are going to give him a higher sentence in fear that he's going to be eligible for parole because there is no instruction for parole in this charge like we would normally give that would explain how that works because he's not entitled to even be considered for it. So we're in a predicament here where since the passage of that instruction happened, the legislature has created these very few offenses where no parole applies. And we don't have a statutory instruction to give. So I believe it's in the Court's discretion to answer the question that's been asked, try to comply with the statutory guideline as it is. So that is my objection as the due process objection.

14

[Prosecutor]: Your Honor, the State would ask that the Court send back a standard response that they have the law before them. The purpose of the Trial Court's jury charge is to instruct the jurors on the law applicable to this case. [Article] 37.07 does not speak to parole law as it relates to this offense of 25 to life without eligibility for parole. And I believe you don't have any constitutional or statutory authority to instruct the jury on parole as it relates to this offense.

THE COURT: I'm going to send back my standard response over Defense's objection and requested instruction that the law does not permit me to answer your question, please refer to the jury charge and continue your deliberations.

The record reflects that the trial court submitted the following written response to the jury question: "The law does not permit me to answer your question. Please refer to the jury charge and continue your deliberations."

The trial court is required to give the jury a written charge "setting forth the law applicable to the case[.]" Tex. Code Crim. Proc. Ann. art. 36.14. Article 37.07, section 4 provides the instructions that trial courts are required to give juries to inform them about the law of parole. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 4; *see also* Tex. Const. art. IV, § 11(a) ("The Legislature shall have authority to enact parole laws and laws that require or permit courts to inform juries about the effect of good conduct time and eligibility for parole or mandatory supervision on the period of incarceration served by a defendant convicted of a criminal offense."). In explaining the Legislature's intent regarding the provisions of Article 37.07, the Court of Criminal Appeals has explained that "the Legislature did not want any creative deviations from its chosen language[]" regarding parole law instructions;

15

consequently, trial judges cannot "cut and paste as they see fit." *Luquis v. State*, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002). Article IV, section 11(a) of the Texas Constitution was passed presumably in response to the Court of Criminal Appeals decision in *Rose v. State* which found that requiring a jury instruction on parole law violates the separation of powers doctrine of the Texas Constitution. *See Luquis*, 72 S.W.3d at 361; *Rose v. State*, 752 S.W.2d 529, 535 (Tex. Crim. App. 1987). In response, the voters amended the Texas Constitution to allow the Legislature to enact a statute that would require a jury instruction in circumstances determined by the Legislature. *See Luquis*, 72 S.W.3d at 361. The Legislature passed Article 37.07 and provided an exception for convictions for, among other things, aggravated sexual assault of a child under six years of age. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 4.

Specifically, Article 37.07, section 4, provides that the language generally required in a charge addressing the law of parole does not apply to offenses arising under section 21.02 of the Penal Code, offenses arising under section 22.021 of the Penal Code that are punishable under subsection (f) of that same section, or to capital felonies. *See id.* Demps was convicted of aggravated sexual assault of a child under six years of age, a violation of section 22.021 and punishable under subsection (f) because the victim was under six years of age. *See* Tex. Penal Code Ann.

16

§ 22.021(a)(1)(B), (a)(2)(B), (f)(1). Thus, the instruction regarding parole simply does not apply to Demps.

Demps makes the argument that failing to instruct a jury in punishment that a convicted defendant is not eligible for parole for the offense violates the "Due Process" Clause of the Fourteenth Amendment to the United States Constitution, citing *Lynch v. Arizona*, 578 U.S. 613, 613-14 (2016), and *Simmons v. South Carolina*, 512 U.S. 154 (1994). Both of these cases are capital murder cases in which a jury is required to make a finding on future dangerousness in deciding whether to recommend the death penalty, thereby making the eligibility or ineligibility of parole in the future a factor that must be considered by the jury in such cases. Demps has not been convicted of capital murder and future dangerousness is not a factor required to be found by the jury in order to determine the appropriate punishment. Demps's authorities on this point are not applicable.

Demps asserts on appeal that the jury heard evidence that he had previously been released from prison on parole, so the jury would "obviously consider" parole in sentencing Demps and Demps argues that the record demonstrates that the jury was confused by the jury charge's failure to instruct the jury on Demps's eligibility for parole. Demps acknowledges on appeal that Article 37.07 and its instructions do not apply to his case and that by statute he is not eligible for parole. Quoting *Beltran De La Torre v. State*, 583 S.W.3d 613, 618 (Tex. Crim. App. 2019), Demps argues

17

that the general prohibition on non-statutory jury instructions has exceptions, including "when there is a risk that the jurors may arbitrarily apply an inaccurate definition to the term or where an express definition of the term is required to assure a fair understanding of the evidence." Demps specifically argues the following:

> This case should fall within such an exception. Failing to instruct the jury[] runs the real risk of a jury arbitrarily applying an inaccurate meaning to Appellant's prior release on parole and not having a "fair understanding" of the evidence and correct applicable law, specifically that Appellant is not parole eligible and to not consider the application of parole and its effects. It is reasonable to assume that the jurors may have thought that parole was a possibility for Appellant because the existence of parole is common knowledge and, especially since they have received evidence on the issue. The jury note confirms that they actually did.

Demps further argues that Montgomery County commonly uses special non-statutory instructions in the jury charge and that such instructions may be relevant depending on the facts of the case. According to Demps, he requested specific instructions to be included in the charge, and the requested instructions were relevant and tailored to the facts of the case and informed the jury of the correct law on the evidence the jury was presented. Demps contends that the jury's note provides proof that the jury was misled and he contends that the trial court's error in omitting the requested instructions resulted in harm. Demps relies on *Ramos v. State*, 831 S.W.2d 10 (Tex. App.—El Paso 1992, pet. ref'd) in arguing that when the jury's note made it evident that the jury was considering the effects of parole on the sentence assessed, the trial court committed reversible error by denying Demps's request for a curative

18

instruction. Demps asserts that the record does not establish beyond a reasonable doubt that the trial court's refusal to instruct the jury to disregard any parole consideration did not contribute to his forty-five-year sentence which was "almost double" the minimum sentence of twenty-five years.

This Court has already addressed a similar argument in *Cross*. In that case, a jury convicted the defendant of continuous sexual abuse of a child. 2012 Tex. App. LEXIS 10487, at \*1. The defendant complained on appeal that the trial court erred when it denied his request to include an instruction in the jury charge given in the punishment phase advising the jury that he would not be eligible for parole. *Id.* In concluding that the trial court did not err in refusing the defendant's requested instruction concerning his ineligibility for parole, our Court reasoned:

> The Legislature has the authority to enact laws that require or permit courts to inform juries about the effect of good conduct time and eligibility for parole or mandatory supervision on the period of incarceration served by a defendant convicted of a criminal offense. *See* Tex. Const. art. IV, § 11(a). The Court of Criminal Appeals has expressed its reluctance to deviate from statutory instructions that are prescribed by the Legislature. *See Luquis*, 72 S.W.3d at 363-64. The Court of Criminal Appeals has indicated that generally, special, non-statutory instructions have no place in the charge. *Kirsch v. State*, 357 S.W.3d 645, 651-52 (Tex. Crim. App. 2012). The instruction that Cross requested about the potential effect of a conviction on his eligibility for parole was a special, non-statutory instruction. The Legislature has not provided for such an instruction in prosecutions for continuous sexual abuse of a child; consequently, we conclude the trial court did not err in refusing the instruction that Cross requested. *See Wesbrook v. State*, 29 S.W.3d 103, 121 (Tex. Crim. App. 2000).

*Id.* at \*\*12-14. We follow our decision in *Cross*.

19

Demps was convicted of aggravated sexual assault of a child under section 22.021 of the Penal Code punishable under subsection (f) of that same section, and section 4 of Article 37.07 does not apply to Demps. Accordingly, the requested jury instruction about his eligibility for parole was a special, non-statutory instruction. *See Ingle v. State*, No. 11-16-00121-CR, 2018 Tex. App. LEXIS 3485, at **13-16 (Tex. App.—Eastland May 17, 2018, pet. ref'd) (mem. op., not designated for publication) (charge omitting instruction that the defendant was not eligible for parole was not erroneous because section 4 of Article 37.07 did not apply where defendant was convicted of aggravated sexual assault of a child under section 22.021 punishable under subsection (f) because victim was under the age of six at the time of the offense); *see also Palmer v. State*, No. 05-19-01135-CR, 2021 Tex. App. LEXIS 2153, at **6-8 (Tex. App.—Dallas Mar. 19, 2021, no pet.) (mem. op., not designated for publication) (Article 37.07 instructions to inform a jury about the law of parole do not apply to the defendant who was convicted of continuous sexual abuse of a child; the trial court did not err in denying defendant's request for the special, non-statutory instruction); *Cross*, 2012 Tex. App. LEXIS 10487, at **12-14. We conclude the trial court did not err in refusing Appellant's requested jury charge instruction. *See Cross*, 2012 Tex. App. LEXIS 10487, at *13; *see also Palmer*, 2021 Tex. App. LEXIS 2153, at *8; *Ingle*, 2018 Tex. App. LEXIS 3485, at **15-16.

As to Demps's argument that, after receiving the jury note during deliberations, the trial court erred in refusing Demps's request for a "curative instruction" to the jury that he was not eligible for parole. "The jury is bound to be governed by the law it receives from the court." *Lucio v. State*, 353 S.W.3d 873, 875 (Tex. Crim. App. 2011); Tex. Code Crim. Proc. Ann. art. 36.13. Although the jury normally receives the entirety of its instructions before deliberations begin, the trial court may give further instructions "upon the jury's written request for additional guidance regarding applicable law." *Lucio*, 353 S.W.3d at 875. "When the trial court responds substantively to a question the jury asks during deliberations, that communication essentially amounts to a supplemental jury instruction, and the trial court must follow the same rules for impartiality and neutrality that generally govern jury instructions." *Id.* However, a communication from the court that merely refers the jury to the original charge is not an additional instruction. *See Earnhart v. State*, 582 S.W.2d 444, 450 (Tex. Crim. App. [Panel Op.] 1979).

The Dallas Court of Appeals in *Lopez v. State* considered and rejected the same argument made by Demps. *See Lopez v. State*, No. 05-12-01531-CR, 2014 Tex. App. LEXIS 846, at **2-18. In *Lopez*, the defendant was convicted of the same offense as Demps. *See id.* at *7. During punishment deliberations, the jury sent a note to the trial court questioning Lopez's eligibility for parole: "For this type of offense is their [sic] a possibility for early parole?" *Id.* at *4. Defense counsel

21

requested that the trial court inform the jury of "what is in the statute, which is that parole is not an option." *Id.* Counsel for the State requested the trial court to inform the jury that it had "all the law and evidence at [its] disposal." *Id.* The trial court responded to the jury's note by stating "You have been given all the law and evidence to which you are entitled. Please resume your deliberations." *Id.* Lopez did not object to the trial court's response to the jury's note. *Id.* at **4-5. The jury assessed Lopez's punishment of life imprisonment and imposed a $10,000 fine. *Id.* at *5. On appeal, Lopez argued the trial court erred in failing to inform the jury that he was ineligible for parole. *Id.* at **5-6. In concluding that the trial court did not err in its response to the jury note, the Dallas Court of Appeals explained its reasoning, in pertinent part, as follows:

> Article 37.07, section 4, provides that the language generally required in a charge addressing the law of parole does not apply to offenses under section 21.02 of the penal code, offenses arising under section 22.021 of the penal code that are punishable under section (f) of that section, or to capital felonies. *See* Tex. Code Crim. Proc. Ann. art. 37.07, §4. Section 508.145(a) of the government code provides that a person serving a sentence for aggravated sexual assault of a child younger than the age of six at the time of the offense is not eligible for release on parole. Tex. Gov't Code Ann. § 508.145(a)[].
>
> Thus, the instructions to inform a jury about the law of parole contained in article 37.07 do not apply to Lopez. The Legislature has not provided for such an instruction in prosecutions for aggravated sexual assault of a child under the age of six. The instruction Lopez requested that he was ineligible for parole was a special, non-statutory instruction, and the court of criminal appeals has held that special non-statutory instructions "generally have no place in the jury charge." *Walters v. State*, 247 S.W.3d 204, 211 (Tex. Crim. App. 2007); *see also Levy v. State*, 860 S.W.2d 211, 213 (Tex. App.—Texarkana 1993, pet.

22

ref'd) (in the absence of specific constitutional or statutory authority to do so, the court should not instruct the jury as to effect of parole laws or how long a defendant would be required to actually serve under a given sentence).

. . . .

The court of criminal appeals has "recognized that '[i]f an instruction may properly be given in the original charge, it may be given as an additional instruction.'" *Daniell v. State*, 848 S.W.2d 145, 147 (Tex. Crim. App. 1993). However, as discussed above, while article 37.07, section 4, provides parole instructions to be utilized in some cases, that statutory provision has no application to an individual convicted of aggravated sexual assault of a child. The jury, in determining punishment to be assessed in such a case is not authorized to resort to or apply the parole law. Therefore, that Lopez was ineligible for parole was not information to be considered by the jury in its punishment deliberations and was not a "piece of information legally available." *See Haliburton* [*v. State*], 578 S.W.2d [726,] 729 [(Tex. Crim. App. [Panel Op.] 1979)].

. . . .

The Legislature has not provided for the jury instruction Lopez requested regarding ineligibility for parole in a case involving aggravated sexual assault of a child. In the absence of specific constitutional or statutory authority to do so, the court should not instruct the jury as to the effect of the parole laws or how long a defendant will be required to actually serve under a given sentence. *See Walters*, 247 S.W.3d at 211; *Levy*, 860 S.W.2d at 213.

*Lopez*, 2014 Tex. App. LEXIS 846, at **6-18.

We also find *Chavez v. State*, No. 05-12-00415-CR, 2013 Tex. App. LEXIS 6782, at **3-9 (Tex. App.—Dallas June 3, 2013, pet. ref'd) (not designated for publication), instructive. In *Chavez*, the defendant was charged with the same offense as Demps and, therefore, section 4 of Article 37.07 did not apply to Chavez. *See id.* at *5. Chavez conceded on appeal that he was not claiming that he was entitled to an instruction on parole in the original charge. *Id.* at **7-8. Instead,

23

Chavez argued that once the trial court received a jury note during deliberations with questions regarding parole, the trial court had an obligation *sua sponte* to provide a curative instruction that the jury was not to consider the effects of parole. *Id.* at *8. The State argued that Chavez did not preserve the issue on appeal because he did not object to the trial court's response to the jury's note instructing the jury that "You have all the law. Please continue your deliberations." *Id.* at **2-4. The Dallas Court of Appeals concluded that the trial court did not err by failing *sua sponte* to provide a special, non-statutory curative instruction to the jury that it may consider the effects of parole because no authority requires a trial court to do so. *Id.* at **8-9.

The Dallas Court of Appeals in *Chavez* also distinguished *Ramos v. State*, 831 S.W.2d 10 (Tex. App.—El Paso 1992, pet. ref'd), the case Demps relies on in support of his argument. *See* 2013 Tex. App. LEXIS 6782, at **8-9. In *Ramos*, a defendant who was entitled to the statutory instruction on parole failed to request that it be included in the jury charge. 831 S.W.2d at 17. The El Paso Court of Appeals concluded that even if a defendant fails to request the statutory instruction on parole, failure to give a "curative instruction" is error when the jury raises a question about parole during deliberations and the defendant requests an instruction in response to the jury question. *Id.* at 17-18. The Dallas Court of Appeals in *Chavez* distinguished *Ramos*, in part, because Chavez was not entitled to the statutory instruction on parole in the jury charge. *See* 2013 Tex. App. LEXIS 6782, at *9 (citing to Tex. Code Crim.

24

Proc. Ann. art. 37.07, § 4). Demps, like Chavez, was also not entitled to the instruction on parole because section 4 of Article 37.07 did not apply to Demps. Accordingly, Appellant's reliance on *Ramos* is misplaced.

"Because a trial court's answer to a jury's question must comply with the same rules that govern charges, the trial court, as a general rule, must limit its answer to setting forth the law applicable to the case; it must not express any opinion as to the weight of the evidence, sum up the testimony, discuss the facts, or use any response calculated to arouse the sympathy or excite the passions of the jury." *Lucio*, 353 S.W.3d at 875; *see* Tex. Code Crim. Proc. Ann. art. 36.14. If the request from a jury for additional instructions is improper, the court should refer the jury to the court's charge. *See Gamblin v. State*, 476 S.W.2d 18, 20 (Tex. Crim. App. 1972); *Harris v. State*, 668 S.W.3d 83, 94 (Tex. App.—Houston [1st Dist.] 2022, pet. ref'd) (quoting *Ash v. State*, 930 S.W.2d 192, 196 (Tex. App.—Dallas 1996, no pet.)).

We have already determined that the trial court properly denied Demps's request for a parole instruction in the original charge because Demps was not entitled to a special, non-statutory instruction on his eligibility for parole. Here, the jury's question therefore asked the trial court for a non-statutory instruction. A trial judge should, as a general rule, avoid non-statutory instructions. *Beltran De La Torre*, 583 S.W.3d at 617. As the Texas Court of Criminal Appeals has explained, "[W]e reject non-statutory instructions as improper comments on the weight of the evidence

25

where such instructions are unnecessary to clarify the law and they also draw the jury's attention to a particular type of evidence." *Id.* at 618. In the absence of specific constitutional or statutory authority to do so, the trial court should not instruct the jury as to the effect of parole laws or how long a defendant will be required to actually serve under a given sentence. *See Walters*, 247 S.W.3d at 211; *Levy*, 860 S.W.2d at 213. Therefore, the trial court did not err in failing to give the jury the instruction Demps requested in response to the jury's question. *See id.*; *see also Lopez*, 2014 Tex. App. LEXIS 846, at **17-18. We overrule issues two and three.

## Conclusion

We note that in the judgment the section entitled "Plea to 1st Enhancement Paragraph[,]" incorrectly recites "N/A" when the record indicates that Demps entered a plea of "not true" to the enhancement paragraph. This Court has the authority to modify the trial court's judgment to correct clerical errors. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Accordingly, in the judgment we delete the "N/A" in the section entitled "Plea to 1st Enhancement Paragraph" and substitute "Not True" in its place. We affirm the trial court's judgment as reformed.

26

AFFIRMED AS REFORMED.

JAY WRIGHT
Justice

Submitted on August 19, 2024
Opinion Delivered December 4, 2024
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.